NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-4178
_____

STANLEY WEISS,
derivatively on behalf of e-Scrub Systems, Inc,

Appellant

v.

E-SCRUB SYSTEMS INC;
RALPH GENUARIO; MAIJA HARKONEN;
JOHN PACKARD; ELIZABETH RICHARDSON
_____

On Appeal from the United States District Court
for the District of Delaware
(D.C. No. 1-13-cv-00710)
District Judge:  Honorable Gregory M. Sleet
_____

Submitted Under Third Circuit LAR 34.1(a)
March 23, 2015

Before:  HARDIMAN, GREENAWAY, Jr. and KRAUSE, *Circuit Judges*.

(Filed: April 15, 2015)
_____

OPINION[*]
_____

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

HARDIMAN, *Circuit Judge*.

Attorney Stanley Weiss appeals the District Court's order dismissing his derivative action. We will affirm.

I

In February 2010, Weiss obtained a $100,150 judgment in New Jersey state court against his former client, eScrub Systems, Inc., and its founder and CEO, Ralph Genuario. A few years later, in a proceeding to enforce that judgment, the Circuit Court for the City of Alexandria, Virginia, held Genuario in contempt and fined eScrub $10,000 to cover Weiss's costs.

Unable to collect on either judgment, Weiss filed a derivative action in the United States District Court for the District of Delaware, claiming that eScrub's directors (Defendants) breached their fiduciary duties by failing to mitigate the company's financial woes. Specifically, Weiss claimed Defendants knew that eScrub was in severe financial difficulty and that Genuario was an incompetent CEO, but they failed to exercise control over the company or implement a reporting system that would have enabled proper oversight. At a minimum, Weiss argued, Defendants should have to pay eScrub's long-overdue attorney's fees.

The District Court dismissed Weiss's complaint, finding that Weiss lacked standing to bring a derivative action on eScrub's behalf. We will affirm for essentially the same

2

reasons.[1]

## II

We exercise plenary review of the District Court's order dismissing Weiss's complaint. *Freedman v. Redstone*, 753 F.3d 416, 423 (3d Cir. 2014). Like the District Court, we accept the complaint's factual allegations as true and construe them in the light most favorable to Weiss. *Id.* (citing *Jones v. ABN Amro Mortg. Grp., Inc.*, 606 F.3d 119, 123 (3d Cir. 2010)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted).

## III

Under Delaware law, creditors of an insolvent corporation have standing to bring derivative suits against corporate directors for breaches of fiduciary duties. *N. Am. Catholic Educ. Programming Found., Inc. v. Gheewalla*, 930 A.2d 92, 101 (Del. 2007). A corporation is insolvent if (1) its liabilities exceed its assets such that there is no reasonable prospect the business will succeed; or (2) it is unable to meet obligations as they come due in the ordinary course of business. *Buckley v. O'Hanlon*, 2007 WL 956947, at *7 (D. Del. Mar. 28, 2007) (citing *Prod. Res. Grp., LLC v. NCT Grp., Inc.*, 863 A.2d 772, 782 (Del. Ch. 2004)).

---

[1] The District Court had diversity jurisdiction under 28 U.S.C. § 1332. We have jurisdiction over Weiss's appeal under 28 U.S.C. § 1291.

The District Court correctly found that Weiss lacks standing because he failed to adequately plead facts demonstrating eScrub's insolvency. For starters, Weiss did not allege that eScrub filed for bankruptcy. Nor did he allege that eScrub's liabilities exceeded its assets or that it was unable to pay its obligations as they came due. Instead, Weiss tried to plead insolvency through three factual allegations. First, he cited the deposition of John Packard, who served as a director of eScrub from 2002 until early 2009. Packard testified that in November 2007 the company had a "cash flow problem," App. 90, was "running out of money," App. 92, and was "behind the eight ball for having any money for that whole period of time," *id*. When asked if eScrub went bankrupt, Packard responded that he was uncertain, but "saw something that showed their stock was worthless." Dkt. No. 21, App. 1. We agree with the District Court that this speculation does not provide a plausible showing of insolvency under Delaware law. Second, Weiss noted that eScrub didn't pay legal bills to several of its attorneys. But the company's failure to pay these bills does not show its *inability* to do so. Indeed, Weiss's complaint suggests eScrub didn't pay his legal bills because—rightly or wrongly—it wasn't satisfied with his work. *See* App. 35 (Compl. ¶ 11(b)). Third, Weiss alleges that eScrub failed to pay its Delaware franchise tax from 2009 forward or the sums required to keep its existing and pending patents alive. But these anecdotal indicators of financial difficulty do not satisfy Weiss's burden to allege that eScrub was insolvent. Furthermore, we agree with the District Court that even if Weiss had sufficiently pleaded insolvency, he lacks standing because the only evidence he marshals of

4

alleged wrongdoing (*i.e.*, Packard's failure to mitigate eScrub's financial problems) occurred in November 2007, and Weiss himself didn't become a potential creditor until he was hired in December 2007.[2]

Weiss argues that "it is incomprehensible" that the District Court lacked subject matter jurisdiction because it had diversity jurisdiction. Weiss Br. 4–5. But while everyone agrees the District Court had diversity jurisdiction, that sheds no light on the question of standing. And "[a]bsent Article III standing, a federal court does not have subject matter jurisdiction to address a plaintiff's claims, and they must be dismissed." *Taliaferro v. Darby Twp. Zoning Bd.*, 458 F.3d 181, 188 (3d Cir. 2006).

In sum, because Weiss did not allege facts to support a plausible claim of insolvency, the District Court did not err in concluding he lacked standing to sue. We will affirm.

---

[2] Defendants raise several other reasons why dismissal is appropriate. We find these arguments largely persuasive, but need not address them in light of our disposition.